**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>        Plaintiff,         )<br><br>        v.                )<br><br>SIGNATURE FLIGHT<br>SUPPORT CORPORATION et al., )<br><br>        Defendants.       ) | Civil Action No. 08-1164 (RWR) |

**MEMORANDUM OPINION AND ORDER**

Defendant Signature Flight Support Corporation ("Signature") moves under Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6) to extend the deadline in the final judgment entered in this case for Signature to dispose of a fixed base operation ("FBO") at Indianapolis International Airport from December 10, 2008 to December 10, 2009. Plaintiff United States of America cross-moves to enforce the final judgment and to appoint a trustee to run the FBO at Indianapolis International Airport. Because Signature does not show that applying the judgment prospectively is no longer equitable or that there is any other reason that justifies modifying the final judgment, Signature's motion will be denied, and the United States' motion to appoint a trustee will be granted.[1]

---

[1] Signature also moves for a partial stay of the execution of the final judgment pending resolution of its motion for modification of the final judgment. The motion for a partial stay will be denied as moot.

BACKGROUND

Signature owns and operates FBOs[2] at more than sixty airports in the United States. Defendant Hawker Beechcraft Services, Inc. ("Hawker Beechcraft") operated FBOs at seven airports in the United States. Both Signature and Hawker Beechcraft operated FBOs at Indianapolis International Airport. (Compl. ¶ 1.) Signature contracted to purchase Hawker Beechcraft's FBO assets in February, 2008. Signature and Hawker Beechcraft allocated approximately $25.9 million of the purchase price to Hawker Beechcraft's FBO located at the Indianapolis International Airport. (Signature's Mem. in Supp. of Mot. for Relief From and Modification of J. ("Signature's Mem"), Ex. A ("Johnstone Decl.") at ¶ 4.) The United States brought this civil antitrust action to enjoin the proposed acquisition asserting that the acquisition would create a monopoly in the market for FBO services at the Indianapolis International Airport, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. (Compl. ¶ 17.)

The United States filed its complaint in this action on July 3, 2008, along with a hold separate/preservation of assets stipulation and a proposed final judgment, both of which were

---

[2] FBOs "provide flight support services, including fueling, ramp and hangar rentals, office space rentals, and other services, to general aviation customers." (Signature's Mem. in Supp. of Mot. for Relief From and Modification of J. ("Signature's Mem") at 2.)

consented to by the defendants.  The hold separate/preservation of assets agreement required Signature to operate the FBO at Indianapolis International Airport formerly owned by Hawker Beechcraft as a separate, independent ongoing competitor to the FBO owned by Signature.  (See Pl's Mem. in Opp'n to Signature's Mot. for Relief From and Modification of J. ("Pl.'s Opp'n") at 3.)  On October 30, 2008, a consent final judgment was entered in this case requiring Signature to divest one of its two Indianapolis FBOs within either 90 days of the date that the complaint was filed, or within five days of the entry of the final judgment.[3]  The final judgment allowed the United States to petition the court to appoint a trustee to operate and divest one of the two Indianapolis FBOs if Signature did not divest one of them by the deadline.[4]  Signature has moved to alter the final judgment to extend the deadline through December 10, 2009 by which it must divest the Indianapolis FBO, arguing that the "global financial crisis" makes it no longer equitable to require Signature to fulfil its obligations under the final judgment because "the market for the sale of FBOs has completely

---

[3] On November 4, 2008, the United States filed a notice that it consented to extend the deadline to divest one of the FBOs to December 10, 2008.

[4] On October 21, 2008, Signature informed the United States that it intended to sell the FBO formerly owned by Hawker Beechcraft at Indianapolis International Airport, not the FBO that Signature previously owned.  (See Signature's Mem. at 2.)

collapsed." (Signature's Mem. at 3.) Signature asserts that it received bids of "up to $20 million" dollars for the Hawker Beechcraft FBO facility in September 2008, but that by November 2008, "several bidders had dropped out" and only two bidders submitted bids, in the amount of $5 million dollars and $7 million dollars.[5] (See Signature's Mem. at 3; Johnstone Decl. at ¶ 6.) The United States opposes Signature's motion and has cross-moved to appoint a trustee to run the Indianapolis FBO formerly owned by Hawker Beechcraft.

DISCUSSION

I. MODIFICATION

Rules 60(b)(5) and 60(b)(6) provide that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" if the movant shows that "applying [the judgment] prospectively is no longer equitable," or if there is "any other reason that justifies relief" from the judgment. Relieving a party from its obligations under a final judgment "is an extraordinary remedy, as would be any device which allows a party . . . to escape commitments voluntarily made and solemnized by a court decree." NLRB v. Harris Teeter Supermarkets, 215 F.3d 32, 34-35 (D.C. Cir. 2000) (quoting Twelve John Does v. Dist. of Columbia, 861 F.2d 295, 298 (D.C. Cir.

---

[5] Signature asserts that the bidder who offered $7 million dollars withdrew its bid and resubmitted a bid for $6 million dollars. (Johnstone Decl. at ¶ 6.)

1988)).  A party seeking modification of a consent decree bears the burden to establish that a "significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstances." Harris Teeter Supermarkets, 215 F.3d at 35.  The changed circumstances do not have to be entirely unforeseeable; it is enough that the parties did not actually contemplate the changed circumstances.  Evans v. Williams, 206 F.3d 1292, 1298 (D.C. Cir. 2000).  "Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous."  United States v. Western Electric Co. Inc., 46 F.3d 1198, 1204 (D.C. Cir 1995) (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)).  However, in this circuit, a movant who wants relief from a final judgment must show that the changed circumstances were not taken into account during the formulation of the consent final judgment.  Harris Teeter Supermarkets, 215 F.3d at 34-36.

Signature argues that it would be inequitable for the United States to enforce the final judgment against it by forcing Signature to sell the Hawker FBO for approximately 25% of the value that it was listed for in the asset purchase agreement, because the decrease in value was caused by a financial crisis that neither party anticipated when negotiating the consent final judgment.  (See Signature's Mem. at 6-7.)  Signature argues that

the financial crisis prevented potential buyers from obtaining the credit necessary to purchase the FBO, and that credit worthy purchasers were being denied credit solely because of the crisis. (Id.)  As true as that may be, the United States points out in its opposition that the final judgment was negotiated in the midst of troubling economic news, and the parties specifically countenanced the possibility that Signature would have difficulty selling the Hawker Beechcraft FBO.  The final judgment specifically states:

> [D]efendants have represented to the United States that the divestitures required below can and will be made, and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below[.]

(Final Judgment, Docket Entry 12, at 2.)  Section V of the final judgment also states:

> If defendants have not divested [the FBO] within the time period specified in . . . this Final Judgment, defendants shall notify the United States of that fact in writing.  Upon application of the United States, the Court shall appoint a trustee selected by the United States and approved by the Court to effect the divestiture[.]

(Final Judgment at 8.)  These provisions appear to show that the parties contemplated the possibility of difficulty selling the FBO, and that they allocated to Signature the risk that there would be difficulty with the divestiture after the entry of the final judgment.  Signature explicitly agreed to raise no claim of hardship or difficulty as grounds for asking the court to release

it from its obligation to divest the FBO.  Signature did not limit its promise to raise no claim of hardship or difficulty by creating an exception in the case of global financial or credit crises.  Moreover, the parties created a provision that explicitly deals with the possibility that Signature would face hardship in timely divesting the FBO.  Where a consent final judgment contemplates the occurrence of the circumstances that form the basis of a party's motion to modify the final judgment, the parties contemplated the "changed circumstances" and the final judgment should be enforced contrary to the movant's request  See United States v. Caterpillar, Inc., 227 F. Supp. 2d 73, 79-83 (D.D.C. 2002) (where the defendants moved to modify a consent decree pertaining to emission standards for engines manufactured by the defendants arguing that unanticipated cost increases made compliance with the consent decrees substantially more onerous, the district court denied the motion because the decrees expressly contemplated the possibility of cost increases); Thompson v. HUD, 220 F.3d 240, 248 (4th Cir. 1996) (holding that a circumstance would not be considered unanticipated for purposes of modifying a decree where a provision of the decree was "specifically directed" to that circumstance and would be needed only in that circumstance).

In addition, Signature has not shown that it cannot sell the FBO; Signature acknowledges that at least two bidders have

offered to purchase the FBO.  Instead, Signature complains that selling the FBO to one of the current bidders would bring in a far lower sales price than it had originally hoped for, a problem that does not constitute a changed circumstance necessary to modify a final judgment.  See Harris Teeter Supermarkets, 215 F.3d at 34-36 (where a chain of grocery stores moved to vacate a consent decree that pertained to labor law violations asserting that the consent decree was costing the defendant a substantial amount of money because of its rapid growth, the court of appeals denied the defendant's request, determining that the grocery store chain had not shown that the difficulty of applying the provisions of the consent decree to a larger company was an unforseen obstacle that was not taken into account during the formulation of the consent decree, and that self-imposed hurdles such as a desire to avoid losing money do not count as obstacles).  While Signature argues that modifying the final judgment is in the public interest because it would support their business at a time when the United States government has been supporting many other businesses, this very case was filed to assure the public interest in preventing a monopoly in the market for FBO services at Indianapolis International Airport, the risk of which would only increase by extending Signature's ownership of the second FBO for an additional year.  (See Pl.'s Opp'n at 8-10.)  Therefore, because the parties anticipated the

circumstances of which Signature complains, and because Signature has not shown that it is unable to comply with the consent final judgment, Signature's motion to modify the final judgment will be denied.

## II. APPOINTMENT OF TRUSTEE

The United States has moved under Section V of the final judgment to appoint James A. Knauer as trustee of the FBO formerly owned by Hawker Beechcraft at Indianapolis International Airport. As is set forth above, Section V directs the court to appoint at the request of the United States a trustee the United States selects to sell the FBO if Signature has not sold the FBO by the deadline. The United States has shown that Signature has not sold the Indianapolis FBO within the time period required by the final judgment. The United States also asserts that because of Knauer's previous experiences as an appointed receiver, where he sold assets similar to the FBO formerly owned by Hawker Beechcraft, he has the necessary skill to effect the divestiture. (See Pl.'s Mem. in Supp. of Mot. to Appoint a Trustee, at 2, 4-5.) Signature opposes only to the extent that if its motion to modify the final judgment were granted, the motion to appoint a trustee would not be timely until December 2009. Because Signature's motion to modify the final judgment will be denied, and because Signature does not present any opposition to

appointing this specific trustee, the United States' motion to appoint Knauer as trustee will be granted.

CONCLUSION AND ORDER

Because Signature has not shown that applying the terms of the final judgment is not equitable, it is hereby

ORDERED that Signature's motion [17] to alter the final judgment be, and hereby is, DENIED, and Signature's motion to stay [18] be, and hereby is, DENIED as moot.  Because the final judgment specifically directs that a trustee be appointed on request of the United States if Signature does not divest the FBO, it is further

ORDERED that the United States' motion [23] to appoint a trustee under Section V of the final judgment be, and hereby is, GRANTED.  James A. Knauer is appointed Trustee under Section V of the final judgment.

SIGNED this 23rd day of March, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge
